Christine Wells **HART** (now Watkins), Appellant,

v.

Carroll Edward **HART**, Appellee.

No. 88–CA–516–MR.

Court of Appeals of Kentucky.

April 7, 1989.

Discretionary Review Denied by Supreme Court Aug. 30, 1989.

Wina Byron Roberts, Byron & Roberts, Owingsville, for appellant.

Leslie Richardson Smith, Richardson, Smith & Hughes, Owingsville, Angela A. Patrick, Mt. Sterling, for appellee.

Before DYCHE, HOWARD and McDONALD, JJ.

McDONALD, Judge.

The appellant, Christine Hart Watkins, has appealed from the supplemental decree of dissolution entered by the Bath Circuit Court. Specifically, she objects to that portion of the trial court's ruling that allows the appellee, her former spouse, Carroll Hart, to claim one or both of the children of the marriage as dependents for income tax purposes. Christine and Carroll were married in 1968; they separated in 1984. Christine filed a petition for dissolution in October, 1984, and a decree of dissolution was granted on February 1, 1985. The decree awarded Christine the custody of the parties' two children and ordered Carroll to continue to pay child support as temporarily set at $56 per week. The disposition of the marital property, as well as the amount of permanent child support, was reserved by the court. A hearing on these issues was conducted by the court on February 6, 1985. At the conclusion of the hearing the court announced its decision from the bench although no order was entered at that time. It was nearly three years later, in January, 1988, that Carroll moved the trial court to enter a supplemental decree.

The trial court granted the motion and entered the *nunc pro tunc* supplementary decree on January 22, 1988. It set child support at $60 per week, and further determined that Carroll was entitled to claim both children as dependents for income tax purposes when Christine wasn't working, and one child when she was working. It is this ruling which Christine challenges on appeal.

Christine argues that the trial court no longer has the authority to make a determination of entitlement to claim the exemption. She asserts that the changes made by the 1984 Tax Reform Act to Internal Revenue Code (IRC), 26 U.S.C. § 152(e) divested the trial court of jurisdiction to decide which parent is entitled to get the exemption. Instead, she contends, § 152(e) automatically allocates to her, the custodial parent, the dependency exemption.

 The issue before us is what effect, if any, does 26 U.S.C. § 152(e)[1] have

1. (e) Support test in case of child of divorced parents, etc.—

(1) Custodial parent gets exemption.—Except as otherwise provided in this subsection, if—

on the trial court's ability to allocate the income tax exemptions for dependent children of divorce. This statute entitles the custodial party to claim the exemption unless that parent signs a written waiver that he or she will not claim the children as dependents.[2] Some states have interpreted this provision of the code to preclude state court consideration of the exemption issue. *See Fullmer v. Fullmer,* 761 P.2d 942 (Utah App.1988), and *Stickradt v. Stickradt,* 401 N.W.2d 256 (Mich.App.1987). However, other jurisdictions have decided that state court allocation of the exemption is proper and that the custodial parent may be required to execute the necessary waiver. *See Fudenberg v. Molstad,* 390 N.W.2d 19 (Minn.App.1986); *Lincoln v. Lincoln,* 155 Ariz. 272, 746 P.2d 13 (App.1987); *Fleck v. Fleck,* 427 N.W.2d 355 (N.D.1988). We find the reasoning in the latter cases to be more persuasive.

Clearly, in making the changes to § 152(e), Congress was attempting to extricate the IRS from the costly and time-consuming business of fact finding necessary under the former version of the statute. *Pergolski v. Pergolski,* 143 Wis.2d 166, 420 N.W.2d 414 (App.1988). Congress, however, did not, expressly or by implication, prohibit state courts from allocating the exemption and did not, we believe, intend to tread into an area traditionally left to the states courts to adjudicate. The allocation of the exemption has, or at least should have, a bearing on the amount of money available as child support. A trial court should allocate the exemption so as to maximize the amount available for the care of the children.[3] This power in no way conflicts with the intent of our U.S. Congress to avoid IRS involvement in the issue of which parent should be able to claim the exemptions. *Fudenberg v. Molstad, supra* at 21.

Accordingly, the judgment of the Bath Circuit Court is affirmed.

HOWARD, J., concurs.

DYCHE, J., dissents.

(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—
(i) who are divorced or legally separated under a decree of divorce or separate maintenance,
(ii) who are separated under a written separation agreement, or
(iii) who live apart at all times during the last 6 months of the calendar year, and
(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").
(2) Exception where custodial parent releases claim to exemption for the year.—A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if—

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.
For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

2. There are other exceptions for pre–1985 divorce decrees or separation agreements not applicable here.

3. If the appellant's interpretation of the code were correct, any time the custodial parent was in a low tax bracket, not working, or for any reason was not required to file an income tax return, the dependency exemption and the concomitant tax savings would be lost.