Janice Faye MARKSBERRY,
Appellant/Cross–Appellee,

v.

Reginald Luther RILEY, Appellee/Cross–
Appellant.

Nos. 92–CA–1293–MR (Direct Appeal) and
92–CA–1394–MR (Cross–Appeal).

Court of Appeals of Kentucky.

Dec. 9, 1994.

Stuart L. Adams, Jr., Louisville, for appel-
lant/cross-appellee.

Charles R. Meers, Crull, Meers & Crull,
Louisville, for appellee/cross-appellant.

Before COMBS, GARDNER and
HOWERTON, JJ.

*OPINION*

HOWERTON, Judge.

Janice Faye Marksberry appeals from an
order of the Jefferson Circuit Court overrul-
ing her exceptions to a commissioner's report
concerning a modification of child support.
The resulting order awarded her child sup-
port in the amount of $110 per week. She
argues that the commissioner improperly re-
duced Reginald Luther Riley's monthly gross
income by the sum which he voluntarily
agreed to pay for the support of a second
child from a later marriage. Both parties
appeal from the portion of the order which
gave the tax dependency deduction to each of
the parties on alternating years. Although
we see a genuine potential for mischief when
child support is awarded for two children by
two mothers and the first award is handled
generously and voluntarily, we nevertheless
see no legal or factual error in the handling
of this award, nor do we find any abuse of
discretion by the trial judge. We therefore
affirm on all grounds.

Janice filed her motion seeking an increase
in support, and during the pendency of that
litigation, Reginald's second ex-wife also
sought a modification for her child's support.
The action was in Jefferson Circuit Court
which has multiple divisions. Each case was
assigned to a separate division. Reginald
and his second ex-wife reached an agreement
on the amount of increased child support and
reduced their agreement to an agreed order.
That order was entered by Division 5 one

day before the scheduled hearing on Janice's motion for modification.

▆ At the time these proceedings began, each of Reginald's two children was receiving monthly child support at the rate of $325 per month. Pursuant to the agreed order, the second child began receiving support at the rate of $643.69 per month. We should clarify at this time that we see no error in the way this amount was calculated. The income from both parties was considered, and the $325 payment to the first child was deducted from Reginald's income. The amount of support required was determined. Added to that was an agreed amount for child care services which were required in order to enable the second wife to work. Reginald was required to pay 80 percent of the amount needed, and the second wife was required to pay 20 percent.

Nevertheless, as a result of the increase to $643.69, when Janice's entitlement was calculated, the new payment was deducted from Reginald's income, resulting in the first child being entitled to $475 per month, of which Reginald paid the entire amount, as Janice was unemployed. Applying the child support guidelines, the trial court found that Reginald's statutory contribution for the support of his first child was $475 per month. This determination was not erroneous according to KRS 403.212(2)(f)2. The statute reads:

(f) "Combined adjusted parental gross income" means the combined gross incomes of both parents, less any of the following payments made by the parent:

. . . .

2. The amount of pre-existing orders of child support to the extent payment is actually made under such orders.

The problem is that, although Janice went to the trough first, she ate last and took a reduced portion. Had both actions been in the same division or before the same judge, or had all interested parties been required to join in one consolidated action, a more equitable balance should have resulted. Correction of this problem, however, is beyond the scope of this Court, as it would require a legislative and/or a possible rule change. Under existing law, we cannot say that the trial judge committed any error, as he specifically followed the statutes. The agreed order which had been approved by the judge in the separate division was in effect at the time Janice's motion was considered by the commissioner in the division in which she was proceeding.

We are not unsympathetic with Janice's argument that the voluntary, mutual actions of Reginald and his second ex-wife worked to the detriment of Janice's child. Although the agreed amount to be paid to the second child appears to follow the guidelines (and there was certainly no abuse of discretion in approving the agreement), it nevertheless opens the door for the possibility of favoritism and reprisals. The timing of the second spouse's motion for modification and the agreement create some suspicion in this case. Nevertheless, it does not follow that the judge of Division 3 of the Jefferson Circuit Court committed any error. Rather, the calculation by the court was made according to the verbatim instructions of the statute.

▆ As to the argument on the appeal and cross-appeal concerning tax exemptions, the law is well-settled following our decision in *Hart v. Hart,* Ky.App., 774 S.W.2d 455 (1989), that a trial court has the authority to allocate the tax exemption between the parties. The court is to maximize the benefit of the exemption and has a broad discretion in doing this. As we noted in *Hart,* if we were bound by 26 U.S.C. § 152(e) to always allocate the tax exemption to only the *custodial* parent, then "any time the custodial parent was in a low tax bracket, not working, or for any reason was not required to file an income tax return, the dependency exemption and the concomitant tax savings would be lost." *Hart, supra,* at 457, n. 3.

▆ Janice is presently unemployed and is a full-time student. She may subsequently have income and can benefit from a tax exemption, but for the current year, the maximum benefit will apply if taken by Reginald. We decline to say that the trial court abused its discretion in permitting each of the parties to take the benefit of the tax exemption in alternating years.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.