## IN THE COURT OF APPEALS OF IOWA

No. 17-1946
Filed August 15, 2018

IN RE THE MARRIAGE OF MALINDA K. MCCONNELEE AND
BRIAN M. MCCONNELEE

Upon the Petition of
**MALINDA K. MCCONNELEE,**
    Petitioner-Appellee,

**And Concerning**
**BRIAN M. MCCONNELEE,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Buchanan County, Joel A.
Dalrymple, Judge.

Brian McConnelee appeals from an order modifying the visitation and tax-
dependency provisions of the decree dissolving his marriage to Malinda
McConnelee. **AFFIRMED.**

Nina M. Forcier of Forcier Law Office, PLLC, Waterloo, for appellant.

James T. Peters and R.J. Longmuir of Peters & Longmuir, PLC,
Independence, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Brian McConnelee appeals from an order modifying the visitation and tax-dependency provisions of the decree dissolving his marriage to Malinda McConnelee. We affirm.

The parties' marriage was dissolved by stipulated decree on March 8, 2011. At the time, their son, D., was ten months old. The decree granted the parties joint legal custody; placed the child in Malinda's physical care; and set out a visitation schedule for Brian of alternating weekends, overnights on Wednesday, and three full but non-consecutive weeks during the summer.

On September 9, 2016, Malinda filed a petition for modification, alleging a change of circumstances and asking for changes to the current visitation schedule and the alternating tax-dependency exemption set out in the decree.

The modification trial was held on October 5, 2017. The district court took judicial notice of several criminal cases involving Brian and drug offenses.

Malinda testified that although she knew Brian had a history with marijuana and alcohol use in the past, since the dissolution, Brian had lost his employment, had become less reliable and more forgetful, had been arrested on a number of occasions, and had recently entered guilty pleas to drug offenses. She also observed he had lost weight and looked less healthy. Malinda expressed concern about Brian's drug usage, how it was affecting their child, and the care the child received while with Brian.

Brian testified he has been unemployed for four years and lives with his parents when he has D. in his care but lives with his girlfriend the remainder of the time in a farmhouse he gets "rent free for fixing it up." Brian noted that because

he does not have a driver's license, his mother helps provide him with transportation for his parenting time. He stated that his girlfriend for "a time . . . kind of went off the deep end" but has since "received help for mental health and substance abuse."[1] Brian denied using methamphetamine in the past year but acknowledged he smoked marijuana.[2] He could not explain why he had tested positive for methamphetamine after an arrest. He acknowledged that he was facing a potential five-year prison term.

On October 11, 2017, the district court found a substantial change of circumstances had occurred. The court laid out the circumstances and charges in Brian's four current criminal proceedings, all of which arose from arrests between June and November 2016:

> [With respect to Buchanan County case FECR081081] On June 19, 2016, at approximately 2:12 a.m., deputies observed Brian within his vehicle parked in the middle of a gravel road with the engine running and lights on. Deputies made the observations as being dispatched to a nonrelated call for service in Hazelton, Iowa. Upon conclusion of the call while returning to Independence, Iowa, the car was observed in the same location. As officers approached they observed Brian to be sleeping in the driver's seat. [Brian] was disoriented. Officers observed a smoking device consistent with what is known to be used in conjunction with methamphetamine. Eventually Brian was arrested. Upon arrest the vehicle was searched. Brian admitted at trial that the car was his. Officers located and seized two separate bags containing marijuana, baggies with a crystal-like substance, open alcohol containers, one clear container containing used baggies, several unused baggies, a digital scale, and rolling papers. Brian was charged with possession with intent to deliver marijuana and possession of methamphetamine

---

[1] Brian stated, "She's never used methamphetamine in front of me[,]" her drugs of choice being pain pills and alcohol.

[2] This exchange seems to summarize Brian's opinion of marijuana use:
> Q. Let me just make sure I understand kind of what you said. You really don't see any reason why you should have to quit smoking marijuana other than getting arrested. Is that right? A. In my personal life I haven't experienced negative side effects from it other than the consequences of the law.

third or subsequent offense. Of the urine sample submitted Brian tested positive for the presence of THC or marijuana, amphetamines, and methamphetamines. Additionally, the two baggies containing the crystal-like substance were identified as methamphetamine. . . . In total, Brian possessed in excess of 150 grams of marijuana in multiple individually wrapped baggies while possessing a small digital scale and a large quantity of unused individual baggies all consistent with distribution.

The next arrest occurred a few days after Malinda filed her application to modify the decree.

In Buchanan County case FECR081232, Brian was arrested on September 13, 2016, at approximately 6:42 p.m. Officers initiated a stop knowing Brian did not possess a valid license to operate a motor vehicle. Upon contact with law enforcement, officers smelled an odor consistent with marijuana. A K-9 unit arrived and ultimately indicated the presence of a controlled substance within the vehicle. A search was subsequently conducted. Officers then located seven individually wrapped baggies containing marijuana. Again, officers found and seized another small digital scale with plant residue located on the scale. Officers found additional unused clear plastic baggies, all of which are consistent with the distribution of marijuana. Officers also located within the vehicle a small purple container. Within the container was a small plastic baggie containing prescription pills. The pills were later identified as alprazolam, a schedule IV controlled substance. Brian did not possess a valid prescription for possession of the said controlled substance. The [Iowa Division of Criminal Investigation] confirmed the plant material located within each baggie was marijuana.

The next arrest occurred when Brian was stopped while on his way to pick his child up from school three days later.

[Concerning Buchanan County case FECR081239] Three days later on September 16, 2016, law enforcement officers were notified that [Brian's] vehicle had been identified as driving erratically in Jesup, Iowa. Officers stopped the vehicle at approximately 3:10 p.m. Field sobriety tests were conducted and officers determined that Brian was operating under the influence of a controlled substance. A preliminary breath test was administered resulting in 0.0. Brian was arrested for operating while intoxicated. A search of the vehicle again recovered . . . several baggies of marijuana, a digital scale, and other unused and empty plastic baggies. Again, the amount, scale, and other circumstances led to the appearance

of possession with intent to deliver. Additionally, officers located a glass pipe with white residue. Subsequent testing determined the green leafy substance within the baggies to be marijuana. The sum total approximated 40 grams. The court has had the opportunity to review [the bodycam video of this arrest]. The demeanor of Brian is erratic throughout. His speech is rapid and incoherent. Most significant and utterly disturbing is the fact that Brian was stopped while on his way to pick up [D.] from school.

Then, on November 30, Brian was arrested for operating a vehicle even though his license had been revoked for operating while under the influence (OWI). A search subsequent to Brian's arrest resulted in the recovery of methamphetamine paraphernalia, and subsequent testing reflected the residue within the items seized was methamphetamine. In Delaware County case FECR011605, Brian was charged with possession of methamphetamine, third or subsequent offense, and operating while revoked.

The district court noted that on September 7, 2017, Brian pled guilty to possession of marijuana, third or subsequent offense; possession of methamphetamine, third or subsequent offense; and OWI, first offense. And on September 22, with respect to the November 30 events, Brian pled guilty to possession of methamphetamine, second offense.[3] Sentencing on the various pleas was scheduled for later in the month.

The court found Brian was not credible in denying use of methamphetamine in light of his pleas of guilty to methamphetamine possession charges and a positive drug screen. The court expressed concern with Brian's cavalier attitude toward marijuana and Brian's conversation with his child justifying or minimizing

---

[3] This court recently affirmed the conviction for possession of methamphetamine, second offense. *State v. McConnelee*, No. 17-1716, 2018 WL 2725383 (Iowa Ct. App. June 6, 2018).

his use of marijuana. The court noted Brian's several past "stints" of substance-abuse treatments, which it found to have been "obviously unsuccessful because the court is convinced [Brian] does not perceive himself to have a problem." The court also noted, "Brian's current girlfriend, by Brian's own admission, has her own legal, mental health, and substance abuse issues."

Under the original decree, Brian was allowed to claim the child as a dependent on alternating years. The court found that Brian had not claimed the child as a tax dependent since his unemployment.

The court found Malinda had proved a change of circumstances warranting a modification of Brian's visitation and of the tax-dependency allocation. Midweek overnight visits were stricken, as was the provision for week-long summer visits. Brian was to inform Malinda of the name, address, and location of where the child would be staying overnight if not at Brian's parents' home. Visitation was to be suspended during any time Brian was incarcerated. The court also ruled Malinda was to receive the dependency exemption until Brian's income was such that he could benefit from it and so long as his child-support obligations were current.

Brian appeals, asserting his history of drug use was known at the time of the original dissolution and, therefore, there has been no change of circumstances warranting the modification of visitation. He also argues the modification is not in the child's best interests.

Our review in this equity action is de novo; we give deference to the trial court's fact findings, especially those involving the credibility of the witnesses, but we are not bound by those findings. Iowa Rs. App. P. 6.907, 6.904(3)(g); *see also Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App. 1994). "[T]o justify a

modification of visitation rights, [Malinda] must show there has been a change of circumstances since the filing of the decree." *Nicolou*, 516 N.W.2d at 906. "The degree of change required in a modification of visitation rights is much less than the change required in a modification for custody." *Id.*; *see also In re Marriage of Salmon*, 519 N.W.2d 94, 96 (Iowa Ct. App. 1994). The requested change must also be in the best interests of the child. *Salmon*, 519 N.W.2d at 95-96. Modification of tax exemptions require a substantial change of circumstances since the entry of the decree. *In re Marriage of Rolek*, 555 N.W.2d 675, 679 (Iowa 1996).

Malinda had some concerns with Brian's alcohol usage at the time of the entry of the decree, but she had no concerns relative to drug usage. Now there is ample evidence of his drug usage, and he faces legal consequences as a result. Moreover, it is doubtful a district court would have provided Brian as much visitation as originally awarded if he was suffering from the substance-abuse issues and legal consequences he presently faces. The modified visitation terms impose restrictions that will safeguard the child yet assure Brian will have quality time with the child so long as he is not incarcerated, and those restrictions are in the child's best interests. However, we acknowledge Malinda has made inappropriate remarks about Brian in the presence of the child, remarks best left unsaid.

Upon our de novo review, and "recogniz[ing] the reasonable discretion of the trial court to modify visitation rights," and that we "will not disturb its decision unless the record fairly shows it has failed to do equity," we find no reason to disturb the district court's modification here. *See Salmon*, 519 N.W.2d at 95. We agree with the district court that Brian's unresolved substance-abuse issues, denial

that his drug use was a problem, unresolved criminal proceedings, and extended unemployment constitute a change of circumstances warranting modification of the visitation schedule. For the same reasons, a substantial change of circumstances has been proved to modify the tax-exemption provisions. The use of the tax exemption is of little to no benefit to Brian as long as he is unemployed. Finding no failure to do equity, we affirm.

**AFFIRMED.**