# IN THE COURT OF APPEALS OF IOWA

No. 19-1979
Filed June 17, 2020

**BENJAMIN JOHN KERR,**
Petitioner-Appellant,

**vs.**

**TESSLA KAE CALVERT,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Marshall County, James A. McGlynn,

Judge.

A father appeals the denial of his petition to modify a child custody decree.

**AFFIRMED.**

C. Aron Vaughn and Barry S. Kaplan of Kaplan & Frese, LLP, Marshalltown,

for appellant.

Jennie L. Wilson-Moore of Wilson Law Firm, Conrad, for appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

Benjamin Kerr appeals from the district court's denial of his petition to modify the physical care provisions of the parties' custody decree. Upon our de novo review, we affirm the ruling of the district court.

## I.    Facts and Prior Proceedings.

Benjamin Kerr and Tessla Calvert are the parents of B.J.K., born in 2014. Kerr and Calvert never married. In 2016, the district court entered a custody decree approving and incorporating the parties' stipulation and agreement on custody, visitation, and support. The stipulation provided that the parties have joint legal custody and shared physical care of B.J.K. The stipulation provided that neither party pay child support because "they have equal earning capacities and the child support monthly amount would be minimal." The stipulation incorporated the parties' joint parenting agreement.

In October 2018, Kerr petitioned to modify the custody decree seeking physical care of B.J.K. He asserted that since the entry of the decree there had been a material and substantial change in circumstances requiring modification. Calvert asked that the petition be denied and counterclaimed requesting child support.

The case went to trial in November 2019. The district court denied Kerr's petition to modify the custody decree, granted Calvert's request to modify the child support and ordered Kerr to pay monthly child support to Calvert in the amount of $475.04.

Kerr appeals.

## II. Analysis

### A. Standard of Review

We review custody orders de novo. Iowa R. App. P. 6.907; *In re Marriage of Vaughan*, 812 N.W.2d 688, 692 (Iowa 2012) (noting equitable actions are reviewed de novo). Because the district court observes the parties and witnesses, we give weight to its findings of fact and credibility, but we are not bound to those findings. Iowa R. App. P. 6.904(3)(g); *See In re Marriage of Larsen*, 912 N.W.2d 444, 448 (Iowa 2018); *In re Marriage of Zabecki*, 389 N.W.2d 396, 398 (Iowa 1986). Our first and governing consideration is the best interests of the child. Iowa R. App. P. 6 .904(3)(o); *see generally In re Marriage of Hansen*, 733 N.W.2d 683 (Iowa 2007).

### B. Grounds for Modifying Physical Placement

To modify the custody decree, Kerr must prove "by a preponderance of the evidence a substantial change in circumstances" not contemplated by the court at the time of the decree. *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). A change is substantial when it is material and not trivial; essentially permanent and continuous and not merely temporary. *In re Marriage of Rolek*, 555 N.W.2d 675, 679 (Iowa 1996). "The party seeking modification of a decree's custody provisions must also prove a superior ability to minister to the needs of the child[]." *Harris*, 877 N.W.2d at 440 (citing *In re Marriage of Frederici*, 338 N.W.2d 156,158 (Iowa 1983)). In seeking to modify the physical care arrangement, Kerr has a heavy burden, because once custody of a child has been fixed, "it should be disturbed only for the most cogent reasons." *Harris*, 877 N.W.2d at 440 (quoting *Frederici*, 338 N.W.2d at 158).

On appeal, Kerr argues Calvert's

> pattern of choices regarding her relationships and domestic partners speaks to her poor judgment and reflects on her characteristics as a parent and the wholesomeness of her home environment. This combined with her admitted operation of motor vehicles while transporting B.J.K. without a valid driver's license, her inability to ensure B.J.K. arrives at school on time, failures to appear for visitation exchanges and difficulty co-parenting with [Kerr] evidence both the substantial change in circumstances that has occurred since the entry of the stipulated decree.

Kerr mainly claims that Calvert's repeated introduction of abusive men into B.J.K.'s life creates an unsafe environment and establishes a substantial change in circumstances warranting a modification of the custody decree. Calvert, as the district court observed, "did not explain or justify the history of bad relationships with men except to say that she has ended each of the bad relationships."

Here, the district court had a chance to observe the parties' testimony and credibility firsthand. As for Calvert's choices in introducing troubling male friends into B.J.K.'s life, we agree with the district court that Kerr has legitimate concerns. The court was "troubled" with Calvert's poor choice of male friends and her lack of awareness over the risk of harm to which B.J.K. had been exposed. But the court believed that Calvert had done all that she could do under the circumstances to protect herself from a previous paramour and hoped Calvert's strength and resolve to protect herself and B.J.K. from harm has increased. Kerr's other claims do not rise to the requisite substantial change in circumstances required for modification.

After our de novo review of the record, we agree with the district court that Kerr has not met his burden of proof to show "that conditions since the decree was entered have so materially and substantially changed that the child[]'s best interests make it expedient to make the requested change." *See Frederici*, 338

N.W.2d at 158. But even had Kerr met his burden on this point, he failed to meet another burden when requesting physical custody—proof of a superior ability to minister to the needs of the child.

"A parent seeking to take custody from another must prove an ability to minister more effectively to the [child]'s well-being." *Id.* The district court found "there is not sufficient evidence to show that [Kerr] can provide superior care for the child." On our review, we find the record bereft of any evidence showing Kerr is better suited than Calvert to minister to the needs of the child. Kerr has failed to meet his burden on this point.

This record lacks sufficient evidence to prove by a preponderance of the evidence that a material and substantial change in circumstances occurred since entry of the custody decree, nor does it contain sufficient evidence to prove Kerr has the ability to minister more effectively to B.J.K.'s well-being. We therefore affirm the district court's denial of Kerr's petition to modify the custody decree.

**AFFIRMED.**