RENDERED:  JUNE 30, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0590-MR

JON ASHLEY KEEN                                                        APPELLANT


APPEAL FROM JEFFERSON FAMILY COURT
v.        HONORABLE A. CHRISTINE WARD, JUDGE
ACTION NO. 18-CI-503398


LEAH FAYE PARROTT                                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND McNEILL, JUDGES.

CETRULO, JUDGE:  Appellant Jon Ashley Keen ("Keen"), *pro se*, appeals from

an order of the Jefferson Family Court denying motions for relief pursuant to

Kentucky Rule of Civil Procedure ("CR") 59.05 or, alternatively, CR 60.01 or

CR 60.02.

The sole argument as stated in the one-page brief submitted by Keen

concerns his request to claim his biological children on his tax returns.  The family

court granted the exemption to the mother of the children, Leah Faye Parrott

("Parrott"), in an earlier order dated February 12, 2021. For the reasons set forth below, we affirm the Jefferson Family Court.

At the outset, we note that this is a case that has been before Judge Ward on multiple occasions since 2018. No doubt, the circumstances and parties are well known to the judge. The appeal before us was previously dismissed for failure to comply with our appellate rules and orders as to deficiencies that were addressed to Keen. A motion panel ultimately reinstated the appeal and allowed his brief to be accepted, even though it still fails to comply with our appellate rules in several aspects. The appellee did not file a brief. Nonetheless, we have reviewed the entire record and elect to address the merits of the limited argument.

## Standard of Review

The standard of review for denial of a motion under CR 59.05 is whether the family court abused its discretion. *Bowling v. Ky. Dep't of Corrs.*, 301 S.W.3d 478, 483 (Ky. 2009). This Court reviews denials of CR 60.02 motions using the same standard. *Kurtsinger v. Bd. of Trs. of Ky. Ret. Sys.*, 90 S.W.3d 454, 456 (Ky. 2002) (citation omitted); *see also Berry v. Cabinet for Families and Children*, 998 S.W.2d 464, 467 (Ky. 1999) (citations omitted). Neither rule is intended as an additional opportunity to relitigate the same issues that could have been presented by a direct appeal but were not. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or

unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citation omitted).

In the original ruling, of which Keen complains, the family court ordered Keen to repay stimulus money he received on behalf of the children and further to pay Parrott's attorney fees. No appeal was filed with regard to those rulings. The order further directed Keen "not to claim the [p]arties['] children as dependents until such time as he satisfies the conditions set forth in 26 U.S.C.[1] § 152[.]" In addition, that order contained language to the effect that a prior order had directed Keen to file any written objections to Parrott's motions by February 8, and that he had failed to do so.

In his motion to alter, amend, or vacate, Keen asserted that he had in fact filed a response/objection. The record does reflect a filing by Keen on February 8. However, Keen's motion to alter, amend, or vacate was not filed until March 24, 2021. CR 59.05 requires a motion to alter, amend, or vacate a judgment be served no later than 10 days after entry of the final judgment. Keen's motion pursuant to CR 59.05 was untimely, and the family court properly denied the same on that basis alone. In so ruling, we further note that orders denying CR 59.05 relief "are interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitations." *Tax Ease Lien Investments 1, LLC v. Brown*,

---

[1] United States Code.

340 S.W.3d 99, 103 (Ky. App. 2011) (citations and footnote omitted). Still, "[w]hen a trial court *denies* a CR 59.05 motion, and a party erroneously designates that order in his or her notice of appeal," as Keen has here, we can "utilize a substantial compliance analysis and consider 'the appeal properly taken from the final *judgment that was the subject of the CR 59.05 motion*.'" *Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019) (emphasis in original) (citing *Tax Ease Lien Investments 1*, 340 S.W.3d at 103 n.5).

Thus, turning to the prior order of the family court, the law is well-settled that a family court "has the authority to allocate the tax exemption between the parties." *Marksberry v. Riley*, 889 S.W.2d 47, 48 (Ky. App. 1994) (citing *Hart v. Hart*, 774 S.W.2d 455 (Ky. App. 1989)). Here, the record reflects that these parties reached an agreement as to custody and visitation following a mediation on February 12, 2021. That mediated agreement specifically awarded sole custody of the minor children to Parrott, and that agreement was incorporated into a judgment of the court on February 18, 2021. The family court's order resulting in these motions was entered on the same date that the parties signed the mediation agreement and specifically ordered Keen not to claim the parties' children as dependents "until such time as he satisfies the conditions set forth in 26 U.S.C. § 152[.]" That ruling was well within the authority of the family court and was not an abuse of its discretion.

However, Keen also requested and was denied relief under CR 60.02. The denial of relief under that rule is appealable. *Brozowski v. Johnson*, 179 S.W.3d 261, 263 (Ky. App. 2005) (citation omitted). CR 60.02 provides, in part:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; . . . or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

To prevail under CR 60.02, Keen would need to establish that the February 12 order should be set aside due to a mistake or for some other reason of an extraordinary nature. Here, the family court addressed the alleged mistake of its prior February 12 order that Keen had failed to timely file written objections to Parrott's motion. In addressing the CR 60.02 motion, the family court noted the error but stated that Keen's previous filing was "immaterial to the conclusions" and rulings of the court on February 12. As stated in both orders, Keen was not entitled to claim the minor children for tax purposes under 26 U.S.C. Section 152 because the children had not lived with him, but instead resided with Parrott.

As stated above, the standard of review is whether the family court abused its discretion. *Kurtsinger*, 90 S.W.3d at 456. "The two factors for the [family] court to consider in exercising its discretion are '(1) whether the moving

party had a fair opportunity to present his claim at the trial on the merits and (2) whether the granting of CR 60.02(f) relief would be inequitable to other parties.'" *Dull v. George*, 982 S.W.2d 227, 229 (Ky. App. 1998) (quoting *Bethlehem Mins. Co. v. Church and Mullins, Corp.*, 887 S.W.2d 327, 329 (Ky. 1994) and *Fortney v. Mahan*, 302 S.W.2d 842, 843 (Ky. 1957)).

Here, the family court specifically acknowledged that Keen had in fact presented proof of a filing. Thus he had a fair opportunity to present his arguments on the merits. The family court did not, however, find that this required granting CR 60.02 relief, and that determination was not an abuse of discretion.

When the family court considered the subsequent motion under CR 60.02, it again noted that Keen was *still* not entitled to claim the children pursuant to the statute. Thus, the denials of relief under CR 60.02 and CR 59.05 are AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Jon Ashley Keen, *pro se*
Louisville, Kentucky

-6-