In re the **MARRIAGE OF George R. ROMANELLI and Linda Sue Romanelli.**

**Upon the Petition of**

**George R. Romanelli, Appellant,**

**And Concerning**

**Linda Sue Romanelli, Appellee.**

No. 96–1369.

Supreme Court of Iowa.

Nov. 26, 1997.

Patrick H. Payton of Patrick H. Payton & Associates, P.C., Des Moines, for appellant.

Leslie Babich of Babich, McConnell & Renzo, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

George Romanelli filed a petition for modification of a dissolution decree to reduce or eliminate his alimony obligation, and requested the court declare his lien on the marital home due and payable. Linda Romanelli, his former spouse, filed an answer to the petition and a counter application for modification of the decree to increase George's alimony obligation. George and Linda each filed a motion for summary judgment regarding the lien request. The court granted Linda's motion for summary judgment. The court also modified the dissolution decree to increase George's alimony obligation and awarded Linda attorney fees. George appeals from the adverse rulings. We affirm in part, reverse in part.

## I. *Background.*

George and Linda Romanelli were married in 1969. A child, Michael, was born to the marriage in 1973. In September 1992, the Romanelli's marriage was dissolved by the district court. The court awarded child support of $300 per month while Michael was a full-time student and under the age of twenty-two. The court also awarded Linda alimony of $1700 per month until September 15, 1995, at which time it was to increase to $2000 per month. The court found Linda would be unable to find employment due to her medical condition. She suffers from a permanent and progressive muscular disease.

Both parties appealed provisions of the dissolution decree. We transferred the ap-

peal to the court of appeals. The court of appeals modified the dissolution decree by reducing the alimony award to $1324 per month with no increase in September 1995 and then affirmed the decree as modified.

The dissolution decree awarded Linda the marital home. The home was valued by the court at $50,000. At the time of the dissolution, the home was encumbered by a first mortgage and a home improvement loan. The dissolution decree gave George a lien on the property in the amount of $9658. The decree provided:

Respondent's [Linda's] interest in said real estate is subject to a mortgage, she shall not increase the existing debt secured thereunder, and she shall pay the mortgage according to its terms and hold Petitioner [George] harmless from any liability or cost thereon. Petitioner is granted a lien on the above-described real estate, second only to the first mortgage, in the amount of $9658. Petitioner's lien becomes payable when the first of the following events occur:

1. Respondent ceases to reside in the home for a continuous period of three months or more;
2. Respondent sells the home;
3. Respondent remarries, or
4. Respondent dies. The debt will not draw interest until due at which time it shall draw interest at the rate of ten percent per annum until paid.

On March 10, 1994, Linda borrowed $18,-318.62 secured by a second mortgage on the marital home. Subsequently, in July of the same year, she borrowed $40,000. The house was again used as collateral. The proceeds from the July loan were used to pay in full the first and second mortgages. At the time of this suit, the home was encumbered by only two obligations: George's judicial lien and the $40,000 mortgage.

In April 1996, Michael, then twenty-three years old, was diagnosed with a malignant brain tumor. The tumor is inoperable and terminal. Michael currently lives with Linda and is no longer attending school.

After the dissolution decree was entered, Linda secured full-time employment. In this action, George claims Linda's employment constituted a change of circumstances that warranted a reduction or elimination of his monthly alimony payments. He also filed a motion for summary judgment on his request that the court declare Linda's refinancing of the marital home constituted a "sale" of the property. Linda petitioned for an increase of alimony and also filed a motion for summary judgment in regard to the refinancing issue. Judge Eisenhauer concluded the refinancing of the home did not constitute a sale, he denied George's motion for summary judgment, and granted Linda's motion. Following trial, Judge Oxberger found George had not established changed circumstances that justified a decrease of alimony, but found changed circumstances that justified an increase of alimony. The court also awarded Linda attorney fees.

## II. Scope of Review.

■ Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. *Estate of Beck v. Engene,* 557 N.W.2d 270, 271 (Iowa 1996).

■ Review of a district court's modification of a dissolution decree is de novo. *In re Marriage of Wessels,* 542 N.W.2d 486, 490 (Iowa 1995). "Although our review of the trial court's award is de novo, we accord the trial court considerable latitude in making this determination and will disturb the ruling only when there has been a failure to do equity." *In re Marriage of Spiegel,* 553 N.W.2d 309, 319 (Iowa 1996).

## III. Judicial Lien.

■ George contends the increase of the mortgage indebtedness on the marital home must be regarded as a "sale" of the home. Whether summary judgment was properly granted rests solely on the interpretation of the dissolution decree.

In interpreting a decree, the determinative fact is the intention of the court as gathered from all parts of the decree. In determining this intent, we take the decree by its four corners and try to ascertain from it the intent as disclosed by the various provisions of the decree.

*In re Marriage of Springer,* 538 N.W.2d 897, 902 (Iowa App.1995) (citation omitted).

 The dissolution decree provided George's lien became due and payable if one of four triggering events occurred. George contends it was the intention of the court that Linda be prohibited from increasing the debt on the marital home. We disagree. The court prohibited Linda from increasing the debt secured by the first mortgage on the property. The court did this to prevent Linda from making George's lien less secure. The dissolution decree clearly stated "[Linda's] interest in [the marital home] is subject to a mortgage, she shall not increase the existing debt secured thereunder."

Linda has taken no action that makes George's lien less secure. In fact, Linda has made George's lien more secure by paying off the first mortgage. His lien is now senior to any other obligation on the property. We affirm the court's summary judgment rulings.

### IV. *Modification of Alimony.*

 A dissolution decree may be modified if there has been "a substantial change of circumstances." Iowa Code § 598.21(8) (1995). George's claim of changed circumstances is based on Linda's full-time employment. Linda's claim of changed circumstances is based on an increase in George's earnings, Michael's medical condition and associated expenses, George's remarriage, and an increase in George's net worth and a decline in hers. The trial court denied George's petition to reduce or eliminate the alimony payments. Instead, the court increased his monthly alimony payment from $1324 to $1456.40, an increase of $132.40 per month.

Since the dissolution, both parties have experienced changes in their financial positions. At the time of the dissolution, George's gross annual earnings were found to be approximately $55,000; Linda was unemployed. Presently, George's gross annual earnings are approximately $64,500; Linda's gross annual earnings are approximately $20,800. As a result of the court's division of property, both George's and Linda's net worth at the time of the dissolution was approximately $35,000. Presently, George's net worth is approximately $40,000; Linda's net worth is approximately a negative $1000.

Linda has incurred substantial indebtedness since the dissolution of the marriage. She claims, and there is some evidence to support, that the increase in her indebtedness resulted from expenses incurred on behalf of Michael. Since shortly after the court granted a dissolution of their marriage, Michael has lived with Linda and she has provided room and board for him. After Michael reached the age of twenty-two, by the terms of the decree, George was not required to, and did not, help pay for Michael's education or support. Although not required to do so, Linda has provided funds for Michael's education and support since the dissolution. Since Michael was diagnosed with a brain tumor, he has barely earned enough money to make the payments on his automobile. Linda has stepped in and helped Michael at every turn. She provides him money for activities, clothes, food, and other expenses. She paid for a lawyer for him when he had legal problems and for the medicine he needs to prevent seizures.

 Linda has exhibited extraordinary compassion, generosity, and care for her son. As a result, her expenditures have far exceeded her income and alimony receipts. The law requires parents to support their minor children. *Id.* § 598.21(4). It also provides for continued support under certain circumstances until the child reaches the age of twenty-two and beyond. *Id.* § 598.1(6). George has provided what the court ordered him to pay as support. Linda has done more and as a result incurred substantial debt. However, financial problems voluntarily incurred do not warrant modification of a dissolution decree. *Ellis v. Ellis,* 262 N.W.2d 265, 268 (Iowa 1978); *Mears v. Mears,* 213 N.W.2d 511, 516 (Iowa 1973). The decline in Linda's net worth is in part the result of her voluntary expenditures. Increasing the alimony George is required to pay would impose on him the burden of Linda's generosity. This we decline to do. We find the increase in the alimony obligation is unwarranted. Linda has failed to establish that the changed circumstances justify the increase.

 We find George has not established the changed circumstances justify reduction or elimination of his alimony obligation. Our case law requires

> [t]he changed circumstances relied upon must be material and substantial, not trivial, more or less permanent or continuous, not temporary, and must be such as were not within the knowledge or contemplation of the court when the decree was entered.

*In re Marriage of Rolek*, 555 N.W.2d 675, 679 (Iowa 1996). The record indicates Linda's employment is not "more or less permanent or continuous." She has a progressively disabling disease. Her continued employment is dependent on her health and the viability of her employer. She testified that since the divorce she has lost some ability to use her hands, although she attributes this to aging. She works in an industry that has demonstrated a marked lack of stability in recent years. The cumulative effect of these factors weigh against a reduction of George's alimony obligation.

In summary, we conclude neither party has established a change of circumstances that justify a change in the alimony provisions of the dissolution decree as modified by the court of appeals. We affirm the trial court's denial of a reduction of George's alimony obligation. We reverse the trial court's increase of the monthly alimony obligation.

### V. *Attorney Fees.*

 George appeals from the trial court's award of $6619.50 for attorney fees to Linda. An award of attorney fees rests in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *Wessels*, 542 N.W.2d at 491. The controlling factor in awards of attorney fees is the ability to pay the fees. *In re Marriage of Muelhaupt*, 439 N.W.2d 656, 663 (Iowa 1989). We find the trial court correctly assessed the respective abilities of the parties and affirm the award of attorney fees to Linda.

 Linda requests an award of attorney fees for this appeal. A supporting affidavit has been filed by her attorney. In considering such a request, we look to the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Wood*, 567 N.W.2d 680, 684 (Iowa App.1997). We determine Linda is entitled to an award of $3000 to apply towards her appellate attorney fees. Costs on appeal are taxed against the appellant.

**AFFIRMED IN PART, REVERSED IN PART.**