# IN THE COURT OF APPEALS OF IOWA

No. 3-1172 / 13-0667
Filed February 5, 2014


**IN RE THE MARRIAGE OF CHRISTINE G. PETERSON
AND DARIN L. PETERSON**

**Upon the Petition of
CHRISTINE G. PETERSON, n/k/a CHRISTINE G. WAHLERT,**
  Petitioner-Appellee,

**And Concerning
DARIN L. PETERSON,**
  Respondent-Appellant.
_____


  Appeal from the Iowa District Court for Guthrie County, Randy V. Hefner,

Judge.


  Darin Peterson appeals the modification of his child support obligation and

the district court's award of trial attorney fees.  **AFFIRMED.**


  J.C. Salvo and Bryan D. Swain of Salvo, Deren, Schenk & Lauterbach,

P.C., Harlan, for appellant.

  Kara L. McClure of Bergkamp, Hemphill & McClure, P.C., Adel, for

appellee.


  Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Darin Peterson appeals the modification of his child support obligation and the district court's award of trial attorney fees. The child support ordered was within the guidelines and we discern no reason to vary from the guideline amount. The district court did not abuse its discretion in ordering Darin to pay a portion of Christine Peterson's (n/k/a Christine Wahlert) trial attorney fees. We affirm and order Darin to pay $1500 toward Christine's appellate attorney fees.

**I. Background Facts and Proceedings.**

Darin and Christine were married in 1991 and divorced in 2002. They have three children together: two girls, ages seventeen and eleven, and a boy, age twelve. Under the terms of the dissolution decree, Christine had physical care of the children and Darin paid $600 per month in support.

In 2012, Darin filed an application to modify the decree, asserting a change in circumstances because the oldest daughter had come to reside with him. Christine admitted the change in circumstances and sought a reevaluation of Darin's child support obligation[1]. Based upon the parties' agreement, a stipulated order modifying the custody and visitation provisions[2] of the dissolution decree was entered, and trial was had on the issue of child support.

At the February 15, 2013 trial, the parties' stipulated Darin's three-year average income from farming was $49,166 per year.

---

[1] Christine's request is contained in a paragraph of her answer, but not in the prayer for relief. This issue of child support was before the court by agreement of the parties.
[2] The oldest child was placed in Darin's physical care, the younger two in Christine's physical care. A formal visitation schedule was ordered.

Christine is a registered nurse and remarried. She has one child with her current husband, who was age three at the time of trial. The child has severe physical limitations. At the time of trial, Christine was making $24.15 per hour and working a maximum of twenty-four hours per month. Christine testified she had worked full-time (seventy-two hours per two week period) earning $21.85 per hour until May 2012. When Christine and her husband learned in January 2012 that their child had a narrowing of her spinal column, which posed additional risks to her physical condition,[3] Christine's daycare provider refused to continue caring for the then two-year-old child. Christine was unable to find alternate childcare. Christine testified she attempted to continue working nights while caring for the child during the day, but was unable to do so. Darin urged the court to consider Christine's earning capacity rather than actual earnings.

The district court calculated child support based on Christine's actual earnings (approximately $6955 per year). The court noted the use of actual income was consistent with the child support guidelines, *see* Iowa Ct. R. 9.11(4), as well as with case law reflecting the view "that actual income should be used in calculating a child support obligation when the decision to remain home to care for young children is compelled by economic or, as in this case, medical concerns." *See In re Marriage of Nelson*, 570 N.W.2d 103, 106 (Iowa 1997) (noting earning capacity may be used when a parent voluntarily reduces income, but rejecting father's contention that earning capacity of mother should be used: "As a mother of four, it was eminently reasonable for her to choose to spend half of her working hours parenting the children, including the two from the parties'

---

[3] A fall could be fatal.

marriage."); *In re Marriage of Salmon*, 519 N.W.2d 94, 97 (Iowa Ct. App. 1994) ("[B]efore using earning capacity rather than actual earnings, a finding must be made by the court that the use of actual earnings would create a substantial injustice or that adjustments would be necessary to provide for the needs of the children and to do justice between the parties."). Offsetting Christine's child support owed for the parties' older daughter, Darin was ordered to pay $845.54 per month while two children remained in Christine's care, which would increase to $894.54 when the older daughter turned eighteen and graduated from high school, eliminating Christine's child support obligation for that child.

Darin appeals.

## II. Scope and Standard of Review.

"A petition to modify a decree of dissolution of marriage is triable in equity. Our review, therefore, is de novo." *In re Marriage of Kupferschmidt*, 705 N.W.2d 327, 331 (Iowa Ct. App. 2005) (internal citations omitted).

## III. Discussion.

On appeal, Darin challenges the modification of child support and the award of trial attorney fees.[4]

### *A. Modification*.

Darin's contention that the district court erred in modifying the child support because Christine did not prove a substantial change of circumstances is

---

[4] Christine argues the appeal is untimely because Darin's Iowa Rule of Civil Procedure 1.904(2) motion to enlarge was simply a rehash of legal issues and thus did not extend the time for filing an appeal. *See Bauer v. Baur Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013) ("When a rule 1.904(2) motion amounts to nothing more than a rehash of legal issues previously raised, we will conclude the motion does not toll the time for appeal."). Because Darin's rule 1.904(2) motion properly sought additional findings and conclusions, we find the motion extended the time to appeal. This appeal is timely.

specious. First, Darin brought this action to modify the decree, asserting a change in circumstances warranting a change of physical care and support. Second, Christine admitted there had been a change of circumstances. Third, we note the October 10, 2012 stipulated order modifying the dissolution decree entered prior to trial stated "there have been substantial and material changes of circumstances," including the change of physical care of one of the children. A change of physical care necessitates a recalculation of child support: "Clearly when a child support award is based on [three] qualifying children and one no longer qualifies, there has been a substantial change in circumstances." [5] *Id.* at 332.

B. *We also reject Darin's claim the court should have imputed income to Christine based on her earning capacity.*

Iowa Court Rule 9.11 states, "The court shall not vary from the amount of child support that would result from application of the guidelines without a written finding that the guidelines would be unjust or inappropriate as determined under the following criteria . . . ." Subsection 4, pertinent here, provides:

> The court may impute income in appropriate cases subject to the requirements of rule 9.5. If the court finds that a parent is *voluntarily unemployed or underemployed without just cause*, child support may be calculated based on a determination of earning capacity. A determination of earning capacity may be made by determining employment potential and probable earnings level based on work history, occupational qualifications, prevailing job opportunities, earning levels in the community, and other relevant factors. *The court shall not use earning capacity rather than actual earnings or otherwise impute income unless a written determination*

---

[5] In any event, Iowa Code section 598.21C(2) (2011) states, "[A] substantial change of circumstances exists when the court order for child support varies by ten percent or more from the amount which would be due pursuant to the most current child support guidelines . . . ."

*is made that, if actual earnings were used, substantial injustice would occur or adjustments would be necessary to provide for the needs of the child(ren) or to do justice between the parties.*

(Emphasis added.)

We, like the district court, do not use Christine's earning capacity rather than actual earnings. Christine is not "unemployed or underemployed without just cause." *See* Iowa Ct. R. 9.11(4). Nor do we conclude a "substantial injustice would occur or adjustments would be necessary to provide for the needs of the child(ren) or to do justice between the parties" if actual earnings are used. *See id.* We agree with the district court's calculation of child support.

### *C. Trial Attorney Fees.*

Christine requested an award of trial attorney fees in excess of $7000. The district court ruled:

> The Court has discretion in awarding attorney fees. Darin was justified in filing the petition for modification to reflect the custodial arrangement which had in fact evolved over a period of years, and, recognizing this fact, Christine is only asking for fees incurred since the earlier stipulated order was entered. Darin is in a better financial position to bear the cost of this litigation. Attorney fees will be awarded but not in the amount requested by Christine.

The court ordered Darin to pay $1500 of Christine's attorney fees.

"An award of trial attorney fees rests in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion." *In re Marriage of Romanelli*, 570 N.W.2d 761, 765 (Iowa 1997). We find no abuse of discretion; therefore, we affirm the district court's award.

### *D. Appellate Attorney Fees.*

Christine requests appellate attorney fees. An award of appellate attorney fees is not a matter of right, but rests within the court's discretion. *In re Marriage*

*of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997). We consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *In re Marriage of Maher*, 596 N.W.2d 561, 568 (Iowa 1999). Christine has successfully defended the modification decree. Darin has a better ability to pay. We award Christine $1500 in appellate attorney fees.

Costs on appeal are taxed to Darin.

**AFFIRMED.**

Vaitheswaran, J., concurs; Danilson, C.J., concurs in part and dissents in part.

**DANILSON, C.J. (concurring in part and dissenting in part)**

I respectfully dissent in part. I could concur if the ill child was born to the relationship of the parties. However, Christine has significantly reduced her income to care for a child born to her relationship with Tim Wahlert. Imposing an increased child support obligation upon Darin places an undue burden upon him. Although Christine's actions are admirable, the financial burden of the child should be squarely placed upon the shoulders of the parents of the ill child, Christine and Tim Wahlert. Here, Christine's obligation to support her other children is shifted to Darin to the benefit of Christine. The particular fact scenario existing in this case simply does not fit well within the confines of Iowa Court Rule 9.11(4), but the general principle of the rule, "to do justice between the parties" should still apply. I would modify and require child support to be calculated upon a moderate amount of her earning capacity.