**IN THE COURT OF APPEALS OF IOWA**

No. 4-027 / 13-0549
Filed April 16, 2014


**IN RE THE MARRIAGE OF MELISSA S. SASSMAN**
**AND DOUGLAS W. SASSMAN**

**Upon the Petition of**
**MELISSA S. SASSMAN,**
        Petitioner-Appellee/Cross-Appellant,

**And Concerning**
**DOUGLAS W. SASSMAN,**
        Respondent-Appellant/Cross-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Richard G. Blane II,

Judge.


        Douglas Sassman appeals the district court's order modifying the

dissolution decree, and Melissa Sassman cross-appeals. **AFFIRMED AS**

**MODIFIED AND REMANDED.**


        Andrew B. Howie of Hudson, Mallaney, Shindley & Anderson, P.C., West

Des Moines, for appellant.

        Kodi A. Brotherson and Leslie Babich of Babich Goldman, P.C., Des

Moines, for appellee.


        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Douglas Sassman appeals the district court's order modifying his and Melissa Sassman's 2010 dissolution decree. Melissa cross-appeals. Douglas asserts the district court inequitably found no substantial change in circumstances occurred such that his spousal support payments should be lowered. Melissa claims the court should have ordered Douglas to pay one-half of the children's extracurricular, major clothing, and school expenses, and that Douglas's child support obligations should be recalculated so as to comply with the current child support guidelines. We conclude the district court correctly determined no substantial change in circumstances occurred such that Douglas's spousal support obligation should be lowered or that he should be ordered to pay one-half of the children's expenses. However, we find the child support payments should be recalculated according to the current guidelines, as this appeal was pending when the guidelines were amended. Therefore, we affirm the district court's order as modified and remand for the recalculation of Douglas's child support obligation.

**I. Factual and Procedural Background**

Douglas and Melissa were married for twenty-three years and have three children together, two minor twins, born in 1999, and a now-adult son. The dissolution decree was filed on September 15, 2010. Prior to trial, the parties agreed Melissa would have physical care of the oldest son and Melissa and Douglas would share physical care of the twins. Douglas was ordered to pay $2256.53 each month in child support until support was no longer required for their oldest son. The support was then recalculated pursuant to the guidelines

using the offset method, which resulted in Douglas's child support obligation being reduced to $1199.02 each month. Douglas was also ordered to pay Melissa $1000 each month for fifteen years in spousal support, in addition to a lump sum payment of $238,000 as a property settlement.

Melissa works full-time as a secretary for Blank Children's Hospital, earning $37,009 annually along with life, health, dental, and vision insurance benefits, as well as a 401(k) plan. Douglas's income is derived from his business, Sassman Glass and Mirror, LLC. Douglas also owns two commercial properties from which he receives rental income. In the original dissolution decree, the court averaged Douglas's income from 2006 to 2010 to arrive at his income for purposes of calculating child support, and found the average to be $222,881. However, the court noted Douglas's income was declining due to the burst of the housing bubble.[1]

Douglas filed the modification action to reduce his child and spousal support payments on March 30, 2012, claiming his reduction in income constituted a substantial change in circumstances. Melissa counterclaimed, arguing Douglas should be ordered to pay one-half of the children's extracurricular expenses, major clothing purchases, and various school fees. A hearing was held from January 8 through 10, 2013, and the court filed its order on March 12, 2013. To determine Douglas's salary for purposes of calculating child support, the court used his average income from 2008 to 2012, less the $12,000 he was required to pay for spousal support. The court found Douglas's

---

[1] The court in the dissolution decree estimated Douglas's income for 2010 would be $193,880, but according to Douglas's tax returns, his adjusted gross income for 2010 was in fact $179,019, $14,861 lower than the court's estimate.

income to be $181,166.48. In determining Melissa's income, the court used her annual salary, interest income from her investments, as well as the alimony payments, and found her income to be $56,954.04. The court determined that, because Douglas's current child support obligation varied by more than ten percent from his obligation under the then-current guidelines, he was entitled to a downward modification of his child support payments. Consequently, the court reduced the monthly payment to $800.24. The court further determined there was no substantial change in circumstances warranting either a change in the spousal support payments or a modification of the decree ordering Douglas to pay one-half of the children's extracurricular, major clothing, or school expenses.

Douglas appeals the court's refusal to reduce or eliminate his spousal support payments. Melissa cross-appeals, asserting the court should have ordered Douglas to pay one-half of the children's expenses and that Douglas's child support obligations should be recalculated so as to comply with the current child support guidelines. She also seeks trial and appellate attorney fees as well as expert witness fees.

**II. Standard of Review**

Review of a district court's modification of a dissolution decree is de novo. *In re Marriage of Wessels*, 542 N.W.2d 486, 490 (Iowa 1995). "Although our review of the trial court's award is de novo, we accord the trial court considerable latitude in making this determination and will disturb the ruling only when there has been a failure to do equity." *In re Marriage of Spiegel*, 553 N.W.2d 309, 319 (Iowa 1996). Our review of the grant or denial of attorney fees is for an abuse of discretion. *In re Marriage of Romanelli*, 570 N.W.2d 761, 765 (Iowa 1997).

### III. Spousal Support

A dissolution decree may be modified if there has been "a substantial change of circumstances." Iowa Code § 598.21C (2011). The party seeking modification must show the change in circumstances by a preponderance of the evidence. *In re Marriage of Rietz*, 585 N.W.2d 226, 229 (Iowa 1998). The following principles are to be considered when ruling on a petition for modification:

> (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered.

*Id.* (internal citations omitted).

Douglas's claim of changed circumstances is based on his lower earnings since the original dissolution decree, which he correctly states was the basis for lowering his child support obligation. The same rationale, he asserts, should have justified a lowering or eliminating of his spousal support obligation. However, comparing modification of child support to modification of spousal support is not as simple as Douglas suggests. The district court correctly determined his child support should be lowered because Douglas proved the decretal child support order varied by ten percent from the then-current child support guideline amount. With that proof established, the statute then states "a substantial change of circumstances exists" for a modification to be ordered.

Iowa Code § 598.21C(2)(a). The same is not statutorily provided when the issue is whether spousal support should be modified. *See id.* § 598.21C(1) ("[T]he court *may* subsequently modify . . . spousal . . . support orders, when there is a substantial change in circumstances.") (emphasis added). Rather, a modification of spousal support remains in the discretion of the modification court: "In passing upon the propriety of a modification, the trial court exercises a wide discretion which will be disturbed only in the event of an abuse thereof." *Lyons v. Lyons*, 37 N.W.2d 309, 310 (Iowa 1949). Given Douglas's still substantial income, particularly when compared to Melissa's, we agree with the district court that his reduced salary alone does not support modification of the spousal support.

Moreover, his lower income was contemplated in the original dissolution decree, considering the court stated:

> [Douglas's] business did very well at the height of the housing boom, but has declined in the last two years. The court finds that Douglas's earnings in 2008, before the housing market's bubble burst, are not an accurate reflection of his current earnings or what he is likely to earn in the near future.

Consequently, we agree with the district court that Douglas failed to establish a substantial change in circumstances not contemplated by the decretal court warranting a modification of the spousal support award.

**IV. Child Support**

As an initial matter, neither party contests the district court's reduction of the child support payments. Rather, Melissa, in her cross-appeal, argues that the payments should be modified so as to comply with the current guidelines.

Iowa Rule of Court 9.1 states that the July 1, 2013 guidelines "shall apply to cases pending July 1, 2013." When new child support guidelines are adopted

while a case is pending on appeal, the child support should be recalculated in compliance with the new guidelines. *In re Marriage of Roberts*, 545 N.W.2d 340, 343 n.2 (Iowa Ct. App. 1996). The district court set the appropriate amount in its March 2013 order. However, because this appeal was pending as of July 1, 2013, Melissa is correct in her assertion that the child support payments should be recalculated. Consequently, we remand to the district court so it may recalculate Douglas's child support obligation in compliance with the latest guidelines.

Melissa also argues Douglas should be ordered to pay one-half of any agreed upon children's extracurricular activity fees, school related fees, school lunches, and major items of clothing. However, the parties in this case have shared physical care, which neither sought to change. They are thus presumed to be capable of adequately communicating with each other to see that the children's expenses are shared equally, even after the payment of child support. *See In re Marriage of McDermott*, 827 N.W.2d 671, 686 (Iowa 2013).

Douglas testified he did pay for clothing for the twins. On cross-examination, he acknowledged that Melissa was paying for things such as school lunches and school registration fees, because he had not "been asked to participate in any of those." Going forward, he agreed he would be willing to pay for one-half of the extracurricular activity fees and expenses, school-related fees and expenses, and purchases of major items of clothing on a "case by case" basis. While Melissa requested the modification court to order these expenses be paid one-half by Douglas, the court found no substantial change of circumstances since the original decree regarding the financial obligations

associated with this shared care arrangement, and declined to modify to include such an order. The court cited *McDermott*, which discussed the obligation of shared-care parents to both cover the children's expenses in addition to paying the required child support. *Id.* at 685–86. However, the court noted the *McDermott* case was an original dissolution decision, not, as here, a modification that would require a substantial change of circumstances be shown before the court would order the sharing of these expenses. We agree with the district court's reasoning that Melissa failed to prove a substantial change in circumstances requiring a modification of the dissolution decree, and therefore affirm.

**V. Attorney Fees**

Melissa further asserts Douglas should be ordered to pay two-thirds of her $25,547.50 modification trial attorney fees, or $17,135. She also requests Douglas pay two-thirds of her $2950 expert witness fees, or $1976.50. An award of attorney fees rests in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *In re Marriage of Romanelli*, 570 N.W.2d at 765. Iowa Code section 598.36 grants the district court authority in a modification action to award "attorney fees to the prevailing party in an amount deemed reasonable by the court." Expert fees are not mentioned in the statute. Our supreme court affirmed the award of attorney fees in *In re Marriage of Rosenfeld*, 668 N.W.2d 840, 849 (Iowa 2003), but neither affirmed nor reversed the district court's award of expert fees. Assuming that expert fees could also be awarded as provided under Iowa Code section 622.72,

such discretion would also lie with the district court. *See In re Marriage of Rosenfeld*, 668 N.W.2d at 849.

The controlling factor in awards of attorney fees is the ability to pay the fees. *In re Marriage of Muelhaupt*, 439 N.W.2d 656, 663 (Iowa 1989). In declining to award Melissa attorney fees, the district court stated: "Since the Court has determined that Douglas prevailed on two issues and Melissa on only one, even though Douglas has a superior ability to pay because of his income, the Court determines that no attorney fees will be awarded." In the post-trial ruling, the court gave several reasons for denying Melissa's request for expert witness fees, including the fact it had already ordered Douglas to pay some fees as a sanction for late compliance with discovery requests. Additionally, in reviewing the request for expert witness fees, the court found the documentation submitted did not contain a breakdown of additional time spent because of the discovery delay, compared to the time spent on other tasks the expert performed. Although noting that Iowa Code section 622.72 provides for the allowance of expert witness fees with some limitations, the court concluded the expert fees, as presented without a breakdown of time, should be borne by Melissa, given it was her retained expert. We find no abuse of discretion in this assessment and therefore affirm the court's decision.

Melissa also requests "Douglas pay her reasonable appellate attorney fees of $11,811.00." A supporting affidavit has been filed by her attorney. In considering such a request, we look to the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re*

*Marriage of Wood*, 567 N.W.2d 680, 684 (Iowa Ct. App. 1997). With these considerations in mind and in light of the financial situations of both parties, we decline to award Melissa appellate attorney fees.

Costs of this appeal assessed one-half to each party.

**AFFIRMED AS MODIFIED AND REMANDED.**