# IN THE COURT OF APPEALS OF IOWA

No. 13-1889
Filed July 16, 2014

IN RE THE MARRIAGE OF DAREN LEE LAURITSEN
AND DANA MARIE LAURITSEN

Upon the Petition of
**DAREN LEE LAURITSEN,**
Petitioner-Appellee,

And Concerning
**DANA MARIE LAURITSEN,**
Respondent-Appellant.

_____

Appeal from the Iowa District Court for Shelby County, Timothy O'Grady,

Judge.

Dana Lauritsen appeals the district court's modification of the parties'

dissolution decree. **AFFIRMED AS MODIFIED.**

Gina C. Badding of Neu, Minnich, Comito & Neu, P.C., Carroll, for

appellant.

J.C. Salvo and Bryan D. Swain of Salvo, Deren, Schenck, Swain

& Argotsinger, P.C., Harlan, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Dana Lauritsen appeals from the district court's denial of her petition to modify the custodial provisions of the parties' dissolution decree to grant her sole legal custody of the parties' two daughters. She also challenges the district court's grant of Daren's request for modification of the right-of-first-refusal provision found in the decree. Finally, she appeals the district court's order that she pay $5000 towards Daren's attorney fees. We affirm as modified, finding the district court's findings of fact and the reasoning that justifies its orders are supported by the evidence.

### I. Scope and Standard of Review

As to the matters of legal custody and the right of first refusal, both arise in a proceeding to modify the terms of a stipulated dissolution decree. These are equitable proceedings, and we review them de novo. *In re Marriage of Johnson*, 781 N.W.2d 553, 554 (Iowa 2010). We give weight to but are not bound by the district court's factual findings. Iowa R. App. P. 6.904(3)(g).

As to the matter of the attorney fees, the imposition of these fees "rests in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion." *In re Marriage of Romanelli*, 570 N.W.2d 761, 765 (1997).

### II. Factual and Procedural Background

After a thorough review of the record, we find that the district court's statement of facts in its October 25, 2013 order is a balanced, temperate, and thorough representation of the relevant circumstances of this case. We adopt it by reference and summarize it here.

Dana and Daren were married in 2001, had twin daughters in 2006, and dissolved their marriage in 2012. The daughters are in the joint legal custody of both parents. One daughter has profound disabilities and is institutionalized. Both parents may visit her at any time. The second daughter, E.L., is in the physical care of Dana, while Daren maintains visitation rights. The dissolution decree provided both parents with a right of first refusal to assume care of E.L. if the other will be unavailable to do so for forty-eight hours or more.

Daren is currently co-habiting with Samantha. Dana objected to the children's association with Samantha, and the parents agreed when they divorced that Samantha would not be present when Daren exercised his visitation until Samantha had completed a mental health evaluation and had been found "fit for contact with the parties' minor children." Dana claimed that Samantha may have exposed the daughters to unsafe situations but cited no current or recent behaviors or incidents that would justify such a concern.

Tensions mounted between Dana and Daren about E.L.'s care, Daren's visitations, and Samantha's presence during those visitations. The record is replete with stories of Dana and Daren's tense interactions and their disputes over when, how, or if E.L. should go with Daren during the prescribed visitation periods. Daren and Samantha have undertaken or attempted to undertake several burdensome measures to appease Dana's protective sensibilities, including individual therapy, joint therapy, substance abuse evaluations, and Parent Child Interaction Therapy (PCIT) classes. Notably, the therapists working with Daren and Samantha have submitted positive reports about the two of them.

Ultimately, Dana filed a petition with the district court on April 3, 2013, to modify the terms of the dissolution decree. She requested sole legal and physical custody of the children and additional limitations on Daren's visitation rights. In response, Daren countered by requesting expanded visitation and a modification of the right-of-first-refusal provision. The district court denied Dana's requests and granted Daren's, providing Daren with expanded visitation and decreasing the time when the right of first refusal of care became effective. The district court also ordered Dana to contribute $5000 to Daren's attorney fees. Dana appeals (1) the denial of her request for sole legal custody; (2) the modification of the right-of-first-refusal provision; and (3) the imposition of Daren's attorney fees.

**III. Analysis**

The first two issues on appeal involve modifications of the dissolution decree. "Dissolution decrees may be modified upon a substantial change in circumstances." *In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006). Substantial changes in circumstances must be established by a preponderance of the evidence. *In re Marriage of Lee*, 486 N.W.2d 302, 304 (Iowa 1992). The changes shown must satisfy three requirements to rise to a level permitting modification. *In re Marriage of Rolek*, 555 N.W.2d 675, 679 (Iowa 1996). They must be (1) "material and substantial, not trivial"; (2) "more or less permanent or continuous, not temporary"; and (3) "such as were not within the knowledge or contemplation of the court when the decree was entered." *Id.*

### A. Legal Custody

The district court ruled Dana had not carried her burden to prove a change in circumstances sufficient to modify custody. We agree Dana failed to prove a material change since her complaints against Daren stem from her own behavior, not his.

In addition to the three requirements discussed above, Dana has an additional burden when requesting sole custody. "A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being." *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). This is a heavy burden on the requesting party. *Id.* "The legislature and judiciary of this State have adopted a strong policy in favor of joint custody from which courts should deviate only under the most compelling circumstances." *In re Marriage of Winnike*, 497 N.W.2d 170, 173 (Iowa Ct. App. 1992); s*ee In re Marriage of Bolin*, 336 N.W.2d 441, 445-47 (Iowa 1983) (applying this principle to modification cases). Once joint custody has been established, "it should be disturbed only for the most cogent reasons." *Frederici*, 338 N.W.2d at 158.

The facts of this case present no such cogent reasons or compelling circumstances. Dana has not provided sufficient evidence for us to find any substantial change in circumstances that bear upon legal custody or that "joint custody is unreasonable and not in the best interests of the child." Iowa Code § 598.41(2)(b) (2013). Her request for sole custody is in fact predicated on her "hope[] the award would ease the tension" between herself and Daren rather than on any specific change in factual circumstances. However, "tension

between the parents is not alone sufficient to demonstrate that [joint custody] will not work." *Bolin*, 336 N.W.2d at 446.

Further, any change in circumstance since the dissolution decree is at least in part the result of Dana's own behavior. The district court noted—and we agree—that the difficulties arise due to the parties' mutual disrespect. The court noted in particular that "Dana has impeded Daren's visitation with [E.L.] on many occasions without good reason." We will not permit a party seeking sole custody to rely on her own bad behavior to satisfy her evidentiary burden of a substantial change in circumstances.

Additionally, we note that Dana has not appealed the expanded visitation rights granted to Daren, and we are therefore not persuaded by her continued assertion that Daren's (and Samantha's by extension) involvement in E.L.'s life causes Dana real concern about the child's safety. Rather, it appears that—in the words of the district court—Dana would hold sole legal custody of her daughters as yet another "sword against Daren instead of as a shield for [E.L.]." We affirm the district court's denial of sole legal custody to Dana.

### B. Right of First Refusal

The district court provided sufficient reasoning for its modification of the right-of-first-refusal provision. The court found Daren proved a substantial change of circumstances: Dana's pattern of denials of Daren's visitation rights. We agree with the court's characterization of these denials.

Even though Dana's refusal of Daren's visitation does not satisfy the heavy burden attendant a modification of legal custody, "a much less extensive change of circumstances need be shown in visitation right cases." *Donovan v.*

*Donovan*, 212 N.W.2d 451, 453 (Iowa 1973); *In re Marriage of Jerome*, 378 N.W.2d 302, 305 (Iowa Ct. App. 1985).

The district court found that Dana's behaviors denying Daren's visitation rights are "without good reason," "frustrating to Daren," and "emotionally upsetting to [E.L.]." We agree, and these findings are a sufficient showing of a change in circumstance to support Daren's requested modifications.

The court noted that to serve their best interests, the children should have the most continuous physical and emotional contact possible with both parents. *See* Iowa Code § 598.1(1). The court modified the decree to address this concern by expanding Daren's visitation rights in addition to modifying the right-of-first-refusal provision. Dana only appeals the right-of-first-refusal modification. Though we agree that modification of this provision is supported by the facts, we do not endorse the district court's specific modified provision.

Daren requested that the right-of-first-refusal provision be modified to require he have the option of assuming care if Dana will be away from E.L. for twelve consecutive hours or more. The district court modified the provision even beyond what Daren requested, requiring Dana to give Daren that option if she will be away from E.L. for only eight hours. Such a modification would make it impossible for Dana to maintain employment without contacting Daren *every day* to allow him the option (which he may refuse) to take E.L. for the day. This result is unreasonable. There is nothing in the record to support the necessity of this particular modification term. We therefore affirm that the modification of this provision was proper, but we adjust its terms to match Daren's request.

Daren shall have the right of first refusal to provide child care for E.L. if the need for child care exceeds twelve hours.

### C. Attorney Fees

Dana contests the court's order that she pay $5000 toward Daren's attorney fees. As noted above, an award of attorney fees rests in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *Romanelli*, 570 N.W.2d at 765. The controlling factor in the award of attorney fees is the ability to pay the fees. *In re Marriage of Muelhaupt*, 439 N.W.2d 656, 663 (Iowa 1989). The court can also award attorney fees to the prevailing party in a modification proceeding. Iowa Code § 598.36. Daren was the prevailing party in this modification action, and Dana is able to pay the fees awarded. We find no abuse of discretion and affirm the attorney fee award.

Dana's request for an award of appellate attorney fees is denied. Costs are assessed to the appellant.

**AFFIRMED AS MODIFIED.**