**IN THE COURT OF APPEALS OF IOWA**

No. 14-2163
Filed December 9, 2015

**IN RE THE MARRIAGE OF DALE WARREN ROBERSON
AND PEGGY JEAN ROBERSON**

**Upon the Petition of
DALE WARREN ROBERSON,**
          Petitioner-Appellant/Cross-Appellee,

**And Concerning
PEGGY JEAN ROBERSON,**
          Respondent-Appellee/Cross-Appellant.
_____

          Appeal from the Iowa District Court for Polk County, Lawrence P.

McLellan, Judge.

          A former husband appeals a district court's modification of his alimony

obligation; a former wife cross-appeals the district court's denial of attorney fees.

**AFFIRMED ON BOTH APPEALS .**

          Andrew B. Howie of Hudson, Mallaney, Shindler & Anderson, P.C., West

Des Moines, for appellant.

          Ryan Babich of Babich Goldman, P.C., Des Moines, for appellee.

          Heard by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

We must decide whether a district court acted equitably in modifying a dissolution decree to increase a spousal support award.

## I.    *Background Facts and Proceedings*

Dale and Peggy Roberson divorced after thirty years of marriage. A stipulated dissolution decree stated Dale would pay Peggy spousal support of $1300 per month "until such time as [Dale] dies, [Peggy] dies, [Peggy] remarries, or [Dale] becomes 66 years of age and commences to receive Social Security benefits, whichever shall first occur."

Shortly before Dale turned sixty-six, Peggy filed an application to continue and/or modify Dale's spousal support obligation. She later amended the application to seek an increase in spousal support based on Dale's enhanced earnings and his intent to continue working. Dale sought a decrease in the amount of the award.

The district court found a substantial change of circumstances based on a thirty percent increase in Dale's earnings. The court raised Peggy's spousal support by $125 per month, to $1425, and ordered both parties to pay their own attorney fees. Dale appealed and Peggy cross-appealed from the attorney-fee portion of the order.

## II.    *Spousal Support*

Dale argues "Peggy was not entitled to an increase in spousal support, and [he] was entitled to a decrease of his alimony obligation." In reviewing alimony awards, including modifications, we give the trial court "considerable latitude in making this determination and will disturb the ruling only when there

has been a failure to do equity." *In re Marriage of Benson*, 545 N.W.2d 252, 257 (Iowa 1996).

The party seeking to modify spousal support bears the burden of establishing the existence of a substantial change in circumstances since the decree or last modification. *In re Marriage of Michael*, 839 N.W.2d 630, 636 (Iowa 2013). Here, both parties sought a modification. Accordingly, each had to prove a substantial change of circumstances. *See In re Marriage of Romanelli*, 570 N.W.2d 761, 764-65 (Iowa 1997).

As noted, Peggy argues Dale's increased earnings amounted to a substantial change. Dale counters that an increase was contemplated at the time of the decree. At the same time, he relies on his financial circumstances in advocating for a reduction of the spousal support obligation.

Dale cannot have it both ways. By arguing for a reduction based on his income and expenses, he has essentially conceded his financial situation amounted to a substantial change of circumstances not contemplated at the time of the decree. But even if one could not read such a concession into his argument, we agree with Peggy that the significant increase in his income was a substantial change of circumstances. *See* Iowa Code § 598.21C(1)(a) (2013) (authorizing consideration of "[c]hanges in the employment, earning capacity, income, or resources of a party").

We turn to the question of whether the district court acted equitably in modifying Dale's spousal support obligation by $125 per month. Dale argues the increase was unwarranted because he could not afford to retire at age sixty-six and his expenses consumed his earnings. On our de novo review, we disagree.

Dale understated his income and overstated his expenses. No useful purpose would be served by itemizing the numbers. It is enough to note Dale was not financially strapped, as he contended.

Peggy, in contrast, required spousal support to make ends meet. She received $1114 in social security benefits from Dale's earnings, had depleted her personal savings for living and home-repair expenses, and possessed less than $28,000 in retirement accounts.

We recognize Peggy owned the parties' home free of debt. But, her ownership of this asset was contemplated at the time of the original spousal support award. Additionally, property awards serve a different purpose than alimony awards. *See In re Marriage of Francis*, 442 N.W.2d 59, 62 (Iowa 1989). Property divisions are designed to afford spouses a just and equitable share of assets accumulated through the spouses' joint efforts. *Id.* "Alimony, on the other hand, is a stipend to a spouse in lieu of the other spouse's legal obligation for support." *Id.* Certainly, the home was an asset to be considered in the alimony modification determination. But, even without a rental or mortgage payment, Peggy's expenses outstripped her social security income. Those expenses did not reflect an extravagant lifestyle, even after considering gifts she made to her children and grandchildren.

We turn to Peggy's earning capacity. Dale suggested Peggy could meet her monthly expenses if she worked for approximately thirty-five hours a week at a minimum-wage job. We are not persuaded this was a realistic option.

Peggy was sixty-six years old. While she had unskilled retail work experience, she testified to undergoing a "severe sciatica attack" at a previous

retail job.  She described the attack as extreme pain "in the middle of" her trunk area, extending down the left side of her leg.  This arthritis-related condition prevented her from being on her feet all day.  Peggy was not qualified for skilled work and her age made training unfeasible.

On this record, we conclude the district court's minimal increase in Dale's spousal support obligation was equitable.  We affirm the modification decree.

### III. Attorney Fees

On cross-appeal, Peggy argues the district court should have ordered Dale to pay her trial attorney fees.  An award is discretionary and will not be disturbed absent an abuse of discretion.  *Francis*, 442 N.W.2d at 67.

Although Peggy prevailed at trial and Dale's income was significantly higher than hers, the record discloses Peggy had sufficient cash at the time of the modification hearing to pay her own fees.  Under these circumstances, we conclude the district court did not abuse its discretion in holding both parties responsible for their own attorney fee obligations.

Peggy also seeks appellate attorney fees.  We order Dale to pay $2500 towards her appellate attorney fee obligation.

Costs on appeal are taxed to Dale.

**AFFIRMED ON BOTH APPEALS.**