# IN THE COURT OF APPEALS OF IOWA

No. 16-0702
Filed February 8, 2017

IN RE THE MARRIAGE OF JOHN BRADLEY SCHOPER
AND HEIDI ANDRINE SCHOPER

Upon the Petition of
JOHN BRADLEY SCHOPER,
        Petitioner-Appellant/Cross-Appellee,

And Concerning
HEIDI ANDRINE SCHOPER,
        Respondent-Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink,

Judge.


        John Schoper appeals, and Heidi Schoper cross-appeals, from the district

court's order denying John's application to modify the spousal support provisions

of the parties' dissolution decree. **AFFIRMED ON APPEAL AND CROSS-**

**APPEAL.**


        Kevin Cunningham of Cunningham & Kelso, P.L.L.C., Urbandale, for

appellant.

        Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

John and Heidi Schoper divorced after thirty-five years of marriage. John was about fifty-six years old at the time of the dissolution decree and Heidi was fifty-five. The district court approved a stipulated dissolution decree under which John agreed to pay Heidi spousal support of $5000 per month until she turned sixty-two years old, remarried, or died, then $3000 per month until she turned sixty-six years old, remarried, or died. "[F]or purposes of alimony calculations," the couple agreed John "earned a base income of $185,000.00 and a $90,000 bonus in 2011," and Heidi "earn[ed] an annual income of $49,936.00."

Approximately three years later, John petitioned to modify the spousal support provision of the dissolution decree. He alleged that a reduction in his income amounted to "a substantial and material change of circumstances," warranting a decrease in his support obligation. Following a hearing, the district court denied the petition. The court found John understood "his earnings following the divorce [m]ight decline" but agreed to the large spousal support sum in exchange for "Heidi's concession not to seek life-time alimony." Addressing circumstances at the time of the modification decree, the court stated:

> That which was anticipated has come to pass. John's earnings have decreased from $275,000, at the time of the decree, to $140,000 (plus potential bonuses and stock options) today. John has remarried, assumed financial responsibility for his new wife's children, and has moved to a state with a higher cost of living. He now asks the Court to release him from the financial obligation he knowingly and intelligently assumed in 2011, at the time of the stipulated decree.
> . . . .
> While John argues that there has been a substantial and material change in circumstances not contemplated at the time of the divorce, the Court does not agree. The change in financial landscape was reasonably predictable and appreciated when the

parties inked the stipulated decree. What has happened is no
surprise. Perhaps not hoped for, it cannot be denied that the
current financial status of the parties was foreseeable.

John appealed, and Heidi cross-appealed from the denial of her request for
attorney fees.

## I.       Spousal Support

Courts may "modify child, spousal, or medical support orders when there
is a substantial change in circumstances." Iowa Code § 598.21C(1) (2013). All
relevant factors are considered in determining a substantial change in
circumstances, including "[c]hanges in employment, earning capacity, income, or
resources of a party"; a party's receipt of "an inheritance, pension, or other gift";
"[c]hanges in the residence of a party"; and "[r]emarriage of a party." *Id.*
§ 598.21C(1)(a), (b), (f), (g); *see In re Marriage of Sisson*, 843 N.W.2d 866, 870
(Iowa 2014). In addition to being substantial, the changed circumstances must
be material, "essentially permanent, and not within the contemplation of the court
at the time of the decree." *Sisson*, 843 N.W.2d at 870-71.

On our de novo review, we agree John's employment circumstances were
within his contemplation at the time the dissolution was filed. John was
employed by Monsanto Company. In preparation for the divorce, he summarized
certain financial issues for Heidi and the attorneys and included the following
paragraph concerning his employment:

> In the last 15 years working in Pioneer and Monsanto, John has not
> known anyone to be allowed to retire at 65. An appropriate target
> is likely 60 years old and then will need to retool and commence
> working in a much different role, likely at a tremendously lower
> salary.

Based on this language, we have no trouble concluding John anticipated an end to his employment with Monsanto.

Three years after the dissolution decree was filed, John did indeed lose his job but received a severance package of $332,734.65. He applied for other jobs while consulting for a California startup. He eventually accepted a position with the startup. Although his income and bonuses were significantly less than he made at Monsanto, he predicted his "tremendously lower salary."

We conclude John failed to prove a material and substantial change of circumstances not within his contemplation at the time of the dissolution decree. Accordingly, we affirm the district court's denial of his modification petition.

## II.    *Attorney Fees*

On cross-appeal, Heidi contends the district court abused its discretion in declining to award her trial attorney fees. She seeks to have John pay "at least $10,000" in her trial attorney fees.

An award of trial attorney fees rests in the sound discretion of the trial court and should not be disturbed on appeal in the absence of an abuse of discretion. *See In re Marriage of Romanelli*, 570 N.W.2d 761, 765 (Iowa 1997). Given Heidi's income and resources, we discern no abuse of discretion in the district court's denial of her request.

Heidi seeks an award of $11,422.50 in appellate attorney fees. Again, an appellate award is discretionary. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). Although Heidi's income increased from the stipulated amount of $49,936.00 at the time of the dissolution decree to $62,851 in 2014, she was forced to defend the appeal on an issue that was within the

contemplation of the parties at the time of the dissolution.  Accordingly, we order

John to pay $3000 toward her appellate attorney fee obligation.

**AFFIRMED ON APPEAL AND CROSS-APPEAL.**