# IN THE COURT OF APPEALS OF IOWA

No. 17-2035
Filed May 15, 2019

IN RE THE MARRIAGE OF JULIANNE R. SCHENKELBERG
AND GARY W. SCHENKELBERG

Upon the Petition of
JULIANNE R. SCHENKELBERG,
        Petitioner-Appellee,

And Concerning
GARY W. SCHENKELBERG,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Carroll County, William C. Ostlund,

Judge.


        Gary Schenkelberg appeals the district court's order denying his petition to

modify the parties' dissolution decree to decrease his spousal support obligation

to Julianne Schenkelberg.  **AFFIRMED.**


        Gregory J. Siemann of Green, Siemann & Greteman PLC, Carroll, for

appellant.

        J.C. Salvo and Bryan D. Swain of Salvo, Deren, Schenck, Gross, Swain &

Argotsinger, PC, Harlan, for appellee.


        Considered by Vogel, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

This is the second appeal arising from the spousal support provision of Gary and Julianne Schenkelberg's dissolution decree. The couple married in 1994 and divorced in 2009. The district court ordered Gary to pay Julianne spousal support of $5000 per month until she turned sixty-two, died, or remarried, and $2000 per month thereafter, until she turned seventy, died, or remarried.

Gary appealed. The Iowa Supreme Court increased his obligation to $7000 per month until Julianne's death or remarriage. *See In re Marriage of Schenkelberg*, 824 N.W.2d 481, 488 (Iowa 2012). The court reasoned that the district court failed to consider his "substantial distributions" from his subchapter S corporation. *Id.* at 484–85. Specifically, the court stated:

> As long as Gary has an interest in the corporation, there is no reason to believe that he will not be receiving a substantial cash distribution from the corporation, even if he no longer receives a salary from it. Moreover, if he divests himself from his ownership in the corporation, we believe the value he will receive for his interest in the corporation will generate sufficient funds to reinvest in another asset that will provide him with substantial income.

*Id.* at 487.

In time, Gary filed a petition to modify the spousal support provision. He testified deterioration in the agricultural economy required a forced sale of the business and his advancing age and declining health prevented him from obtaining meaningful employment.

The district court denied the petition after finding "no material change of circumstance or one that was not contemplated by the supreme court." Gary moved for enlarged findings and conclusions. The district court denied the motion, reasoning as follows:

> [T]his Court will stand with its ruling recently filed and order that the $7000 per month continue. The Court does so for a number of reasons. First, it was contemplated by the [supreme court] that [Gary] might ultimately sell his income-producing business and reinvest in other income-producing properties. This indeed has happened. [Gary] has received substantial funds as noted in the opinion. Further, [Gary] has invested in several businesses and is currently building a home valued at $1 million.
>
> In short, the Court once again reiterates that [Gary]'s financial position is very secure, and his financial holdings would support the continued payment of $7000.

On appeal, Gary acknowledges that the standard for modification of a dissolution decree requires a material, substantial, and essentially permanent change of circumstances not within the contemplation of the court at the time of the decree. *See In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2017). To support his assertion that this standard was satisfied, he points to "the support of Julianne by another person" and "changes in the parties' employment, earning capacity, and income."

"[C]ohabitation can affect the recipient spouse's need for spousal support and is therefore a factor to consider in determining whether there has been a substantial change in circumstances warranting modification." *In re Marriage of Ales*, 592 N.W.2d 698, 703 (Iowa Ct. App. 1999). Although Julianne mentioned she was involved with someone, she testified her romantic partner "does not take care of me financially." Gary did not refute this assertion.

We turn to the claimed changes in employment, earning capacity, and income. As predicted by the supreme court, Gary divested his interest in the corporation, receiving $2.88 million in proceeds. And, as predicted, Gary invested his share of the proceeds in other businesses. Although he maintains the businesses "hemorrhag[ed] money," the outflow did not deplete his personal

assets. Those assets, disclosed in a personal financial statement filed on the day of the modification hearing, left Gary a multimillionaire. As the district court noted, they allowed him to buy land and build a luxury home months before the modification hearing. And they cushioned Gary from the effects of his diminished earning capacity.

In contrast, Julianne's income remained negligible. Although she attempted to start a home-decoration business, she made little money at this new venture. Her minimal earnings were in part due to the substantial hours she devoted to caring for ill family members.

On our de novo review, we agree with the district court that Gary failed to carry his burden of proving a substantial change not in the contemplation of the supreme court. *See In re Marriage of Michael*, 839 N.W.2d 630, 636 (Iowa 2013) (stating the party seeking a modification bears the burden of establishing the substantial change in circumstances); *In re Marriage of Maher*, 596 N.W.2d 561, 564–65 (Iowa 1999) ("A party seeking modification of a dissolution decree must establish by a preponderance of the evidence that there has been a substantial change in the circumstances of the parties since the entry of the decree or of any subsequent intervening proceeding that considered the situation of the parties upon application for the same relief."). The changes in Gary's employment and income were within the contemplation of the court and the remaining changes he cited were "reasonable and ordinary changes that may be likely to occur." *Cf. In re Marriage of Wessels*, 542 N.W.2d 486, 490 (Iowa 1995) ("The initial decree is entered with a view to reasonable and ordinary changes that may be likely to occur."); *In re Marriage of Skiles*, 419 N.W.2d 586, 589 (Iowa Ct. App. 1987)

(observing medical problems associated with the aging process are in contemplation and knowledge of the district court). We affirm the denial of Gary's modification petition.

All that remains is the issue of attorney fees. Gary asks us to reverse the district court order requiring him to pay $3000 of Julianne's trial attorney fees. "The controlling factor in awards of attorney fees is the ability to pay the fees." *In re Marriage of Romanelli*, 570 N.W.2d 761, 765 (Iowa 1997). Because Julianne's assets pale in comparison to Gary's, we discern no abuse of discretion in the court's award.

Julianne seeks an award of appellate attorney fees. "[W]e look to the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal." *Id.* Considering these factors, we order Gary to pay Julianne $1500 towards her appellate attorney-fee obligation. Costs on appeal are assessed to Gary.

**AFFIRMED.**